## NELSON v. HOWELLS et al.

No. 4862.   Decided April 8, 1930.   (286 P. 631.)

*E. Le Roy Shields,* of Tooele, and *P. C. Evans,* of Salt Lake City, for appellants.

*Hurd & Hurd,* of Salt Lake City, for respondent.

CHERRY, C. J.

This is an action by the plaintiff to annul and cancel a certain warranty deed executed by the plaintiff to her daughter, Cleo Nelson Howells, for a tract of land in Tooele

county and to quiet the title to the land in the plaintiff. The action was brought against Bert Howells and his wife, Eliza Howells, and Bert Howells as administrator of the estate of Cleo Nelson Howells, deceased. When the warranty deed was executed, Cleo Nelson Howells was alive and was the wife of Bert Howells. She died before the commencement of this action, and Bert Howells was duly appointed administrator of her estate. Eliza Howells was married to Bert Howells after the death of his former wife and before the commencement of this action. A trial to the court resulted in a decree for plaintiff, from which the defendants have appealed.

W. W. Nelson, the husband of the plaintiff, died in May, 1921, leaving an estate of the value of about $35,000, including the tract of land involved in this action. He left eight children, one of whom was Cleo Nelson Howells. By his last will and testament, he devised and bequeathed all of his estate to his wife, the plaintiff. After the will was probated and the property distributed to the plaintiff, the plaintiff began the voluntary distribution of a considerable portion of the property among her children. To several of them she made completed transfers. She desired to transfer with certain reservations the tract of land in controversy to her daughter Cleo Nelson Howells. In May, 1925, the deed in controversy was executed by the plaintiff. It contained reservations which were objected to by Cleo and her husband. At about that time Cleo and her husband were put in possession of the land in question. At this point the dispute between the parties arises. The plaintiff contends that the deed was never delivered by her; that Cleo and her husband refused to accept the deed; they were, however, permitted to occupy the land in subordination to her title, during which time she paid the taxes on it and exercised supervision over it; that no final disposition was made of the matter. In April, 1926, Cleo died. On June 27, 1927, the deed in question was recorded in the county recorder's office at the request of Bert Howells. The claim of the defendant Bert Howells was that the deed was delivered shortly after

its execution. The court found as facts that, while the plaintiff had intended and offered to give the land in question with certain reservations to her daughter Cleo, and had executed the deed in controversy, her daughter had objected to the deed because of the reservations, and had refused to accept it, and that the deed was therefore never delivered, and that the intention of the plaintiff to make a gift of the property was never carried into effect; that the defendant Bert Howells, in some manner unknown to the plaintiff, and without her knowledge or consent, and against her will, later obtained possession of the deed and caused it to be recorded.

The appellant contends that the foregoing facts are contrary to or are not supported by the evidence. This contention cannot be sustained. Tested by the standard suggested by appellants, that the proof of such facts must be clear, satisfactory, and convincing, we think the findings are well supported by the evidence. Without setting forth a detailed statement of the evidence, it is sufficient to say that the positive evidence of the plaintiff, corroborated by other evidence and circumstances and admissions of the defendant Bert Howells, establish the facts found in a convincing and satisfactory manner. The evidence to the contrary is the testimony of the defendant Bert Howells alone.

The appellants made the further claim that the transaction amounted to an agreement on the part of the plaintiff to convey the land in question to her daughter Cleo, and that as such it is enforceable. Upon the theory that Cleo was assumed to have a distributive share in her deceased father's estate, it is submitted that an agreement was made to convey the land in question to her on that account. The record fails to support this contention. There is nothing tending to show that Cleo had any distributive share in her father's estate, and nothing by way of consideration whereby the transaction could be brought within the legal definition of contract. It was clearly a matter of a contemplated gift,

which the evidence proved and the court found was unexecuted.

Another contention is made here that the title to the lands in question vested in the daughter Cleo, by virtue of a testamentary trust. This claim was not made in the trial court. It is wholly groundless. Based upon a statement in the will of W. W. Nelson, which was brought into the record by oral testimony, that "I have made no distribution to any of my children and have intentionally omitted them so that my wife may make the distribution as she may desire at her death," it is argued that the estate of the testator was left in trust to the plaintiff for the benefit of herself and children including the daughter Cleo. In addition to the failure of the defendants to plead such a claim, the provision in the will does not support it. Besides it was admitted that the will had been duly admitted to probate and the estate of the testator distributed by decree of the proper court, in accordance therewith to the plaintiff. By that decree the will was interpreted. It is not subject to a different interpretation on collateral attack.

Upon the whole, the record presents a plain case of a contemplated but unexecuted gift, which we think was well decided by the trial court.

JUDGMENT AFFIRMED.

STRAUP, ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.