**SHIRA, Will, In re.**

Probate Court, Marion County.

No. 23105. Decided November 6, 1959.

## OPINION

By RUZZO, J.

Donald D. Shira died testate on December 30, 1942. His surviving spouse died intestate February 20, 1959. At the time of his death, Donald D. Shira was the owner of a policy of life insurance, the proceeds from which were to be paid to his wife in monthly installments during her lifetime, and at her death the balance was to be paid to his, the said Donald D. Shira's executor, administrator or assigns.

Upon the death of the relict spouse, the commuted value of the policy on the life of Donald D. Shira, in the amount of $2,202.62, was paid to the administrator de bonis non with the will annexed of the estate of said Donald D. Shira. The personal representative must, of course, make payment of the proceeds of insurance in accordance with the terms of the will of Donald D. Shira, and has, therefore, filed a petition to construe the will of said decedent.

The pertinent portions of the testator's will read as follows:

"**Item Three:** I hereby give and bequeathe to my wife, Bertha Breen-Shira, if she survive me, all of my property, real, personal and mixed, including my household goods, office equipment and instruments, all ready cash, on hand or on deposit in any bank, which shall immediately be turned over to her, and with which she shall have absolutely to do with as she so desires, all book accounts, notes, mortgages, stocks and bonds of which I shall be in possession of or be entitled to at the time of my death, automobile or automobiles, radios, etc.

"**Item Four:** Upon the death of my wife, if she should survive me, the residue of my estate, real, personal and mixed, shall be converted into cash and the cash disposed of as follows:

"To Bernice McGuire, Centerburg, Ohio, if she be living, the sum of $5,000, and the balance to Mrs. Kathryn Kilbury, Edgewood, Pa. . .."

Bernice McGuire Zech survived the relict spouse and now claims the fund in the hands of the administrator d. b. n. c. t. a., such fund being the only asset of the testator's estate not consumed by the relict spouse during her lifetime. The administrator of the estate of the relict spouse contends that the fund in question passed to her under the terms of Item three of her husband's will; that Item four is void and of no effect.

It is well settled that a gift in general terms with power to sell or consume, and a gift over on the death of the devisee, of the property which is not disposed of, passes a life estate, with power to sell or consume, and not a fee simple. The gift over is valid. **Baxter v. Bowyer,**

19 Oh St 490; MinYoung v. MinYoung, 47 Oh St 501; Johnson v. Johnson, 51 Oh St 446; Enyart v. Keefer, 52 Oh St 631; Greene v. Greene, 57 Oh St 628; Campbell v. Greenawalt, 67 Oh St 520; Robbins v. Smith, 72 Oh St 1, 17; Fetter v. Rettig, 98 Oh St 428.

The Baxter case, supra, gave the testator's wife "* * * unlimited power in the possession of all property, * * *; to sell, at public or private sale, on such terms as she may think best, or use in any manner she may deem proper, any or all of the property, * * *."

The MinYoung case, supra: "I devise and bequeath to my wife * * *, all of my remaining property of whatever kind real and personal, to be held and used by her as follows, to-wit: she shall use for her own comfort and convenience, all that in her judgment is necessary. Out of said property she shall also support, educate and maintain our son * * * until he arrives at the age of twenty-one years; all this on condition that said Delia shall remain my widow. * * *"

The Johnson case, supra, is generally regarded as the leading Ohio case on this particular subject. The will provided: "I give and devise unto my beloved wife, * * * and her assigns, all of the remainder of my property, both real and personal, however the same may be known, * * * with full power to bargain, sell, convey, exchange or dispose of the same as she may think proper."

The Enyart, Greene and Campbell cases, supra, were affirmed without opinion on the authority of the Johnson case.

In the Robbins case, supra, the will provided that two-thirds of the testator's estate "* * * shall be equally apportioned amongst my children, but shall not be turned over to them, but shall be safely invested for their behoof; and the annual income arising to each child shall be subject to her control, whether married or unmarried, and in no instance shall the husband of any such child have any power or control over * * * such share; nevertheless, each of my children shall have full power and authority to will and devise her portion of said inheritance in such manner as she shall see fit * * *."

The Fetter will, supra, devised to the wife all of the testator's property and stated, "I do further devise to my said wife, in case she may desire so to do. the power to sell any of my real estate * * * in fee simple to the purchaser or purchasers thereof * * *."

It is important to note that each of these cases imports only prima facie an absolute estate. In interpreting these cases our courts have held that the power to sell or consume detracts from the fee simple estate. That had the testator intended an absolute estate, the additional grant of such powers would be redundant and unnecessary, since the fee is the whole estate.

A thorough analysis of the leading cases pertinent to this subject will be found in Krumm, Exr., v. Cunco, 71 Oh Ap 521, wherein the court considered the diametrically opposed principles, namely (1) that a fee once given, cannot be cut down by a subsequent clause in the will; and (2) if the language is such as to clearly indicate an intention to grant a life estate only to the first taker with a remainder over, courts will construe the will as a whole and give effect to the intention expressed in

the will. The court classified and distinguished the various wills of this character as follows:

1. Where there is a devise to A in terms for life, but with absolute power of disposal and followed by a devise to B, A's estate is not enlarged to a fee.

2. Where there is a devise to A generally, with absolute power of disposal, followed by a devise of the entire estate to B, A takes a life estate and the gift over is good.

3. Where there is a devise to A generally, but with qualified power of disposal and with a devise to B of what shall remain undisposed of at A's death, A takes a life estate and the remainder over is good.

4. Where there is a devise to A generally, with no power of disposal expressed or with an absolute power but followed by a devise to B of what shall remain undisposed of at A's death, A takes a fee simple and the attempted limitation over is impossible and void.

Under the fourth class, the courts have held that the testator surrendered full dominion and control of his estate to the first taker, and that the limitation over was not of the remainder of the estate, but such part of the estate as the first devisee or legatee chose to leave. It is said that in such cases the testator is, in effect, attempting to make a will for the first devisee, to take effect in case the first devisee fails to make one for himself, or otherwise dispose of the property. This the testator cannot do.

"Where a fee is clearly given, a limitation over of the remainder is void as inconsistent with the fee granted, whether the gift over is expressed to be of what remains, or may be left, or the residue, or is on death of the first taker without having disposed of the property." Krumm v. Cunco, supra, at p. 529, citing Volume 40 of Cyc, under the subject of "Wills," 1585.

Items 3 and 4 of the will here under consideration fall within the fourth category above set forth. There is a gift of all the testator's property in general terms, with no power of disposal expressed, but with the absolute power "* * * to do with as she so desires * * *."

Thereafter, the testator attempted to control and dispose of any assets remaining in his wife's hands at her death. There is no doubt as to the testator's intention in this case, but the well-established rule that intention should always govern is qualified by the condition that intention will govern unless the will conflicts with some provision of law. 41 O. Jur., Sec. 467, p. 592; Page on Wills, Vol. 2, 918, at page 808. When a will has two possible interpretations, that which complies with the law will be preferred to that which violates the law. Ibid, Sec. 925, page 843. In case of a conflict between the testator's intention and the settled rules of law, the latter must prevail. Thompson on Wills, Sec. 214, at page 275. "If the testator attempts to effect that which the law forbids, his will must yield to the rules of law, as, for example, where he attempts to * * * break down or violate the fixed principles of property." 41 O. Jur. Sec., 467, at p. 595.

Item four of the will here under consideration does conflict with well-established rules of law. A fee, once given, cannot be cut down, by other provisions of the will. A remainder cannot be engrafted upon a

fee. Page on Wills, Vol. 3, Sec. 1113, p. 357 and Sec. 1123, p. 385. "A fee simple estate granted in plain and unequivocal language in one clause of a will cannot be lessened or cut down by a subsequent clause unless the language therein is as clear, plain and unequivocal as that in the first grant." 41 O. Jur., Sec. 624, at p. 738; Collins v. Collins, 40 Oh St 353; Stark v. McErven, 15 Oh Ap 188; Gill v. Leach, 81 Oh Ap 480, 37 O. O. 311; Borgmann v. Borgmann, 16 Oh Ap 292; Baker v. Alexander, 24 Oh Ap 177; Fetterman v. Bingham, 115 Oh St 35; Clark v. Clark, 13 Oh Ap 164; Watkins v. Price, 16 Oh Ap 271; Powell v. Layton, 79 Oh Ap 279; 20 O. Jur. 2nd, Sec. 18, p. 246.

In Anderson v. Cary, 36 Oh St 506, the court at page 517 states the principle in clear and simple terms: "The owner of property cannot transfer it absolutely to another, and at the same time keep it himself." The same principle was enunciated in Zachman v. Dick, 1 Oh Ap 36, wherein the court said, "Where an estate is conveyed by one part of a will, it cannot be cut down by raising a mist or a doubt from another part."

In Hull v. Chisholm, 7 Oh Ap 346, the testatrix devised and bequeathed her property to Alice V. Hutchinson "* * * to her and her heirs and assigns forever, * * *." A subsequent clause provided that in the event of the death of the devisee without issue, any property remaining of that "* * * willed to her in the 2nd item of this will shall be equally divided between my nephews * * *." The court, relying on Widow's Home v. Lipphardt, 70 Oh St 261, held that where by the terms of a will a fee is clearly given, a limitation over of the remainder is void as inconsistent with the fee granted. The Hull and Lipphardt cases may be distinguishable from the case at bar in that they involved the validity of conveyances made by the devisees during lifetime, but the basic principle involved is analogous to the present case, and these two cases have been cited repeatedly by our courts when holding that an attempt to create a remainder is repugnant to the grant of a fee. See Persinger v. Britton, 10 Oh Ap 164; Heath v. Borst, 13 Oh Ap 115; Powell v. Layton, 79 Oh Ap 279; 35 O. O. 44; Gill v. Leach, supra.

In the Heath case, supra, the court at page 120 quotes at some length from Snodgrass v. Brandenburg, 164 Ind. 59 at p. 69:

"If, upon an examination of a will, a Court concludes that it was the purpose of the testator to make a grant, and that he attempted by subsequent language, to create a legal estate in derogation of the grant, that is the end of the discussion, for a testator must effectuate his intent within the rules of law. The rule that we have invoked does not apply to such cases; it is one of construction, and is wholly inconsistent with the proposition that the court will explore the four corners of the instrument to bring out its meaning; but, if it is found that one clause, standing alone, clearly evinces a purpose to create a certain interest, and the subsequent language merely operates to create a doubt about the testator's intent in that particular, the latter words will be disregarded."

Another recent Indiana case, Gamster v. Massey, 158 N. E. 2nd 808, Adv. Sh. July 1, 1959, is also in point. The testators provided that their personal property should go to the "survivor absolutely," and upon death

of the survivor, distribution was to be made to their four children. The court held the widow took a fee and the attempted gift over was void as being wholly inconsistent with the absolute grant. .

In Collins v. Collins, supra, at p. 364, the rule is stated as follows:

"As held in the case of Thornhill et al. v. Hull, 2 Clark & Finn., 22, 'It is a rule of the courts, in construing written instruments, that when an interest is given or an estate conveyed in one clause of the instrument in clear and decisive terms, such interest or estate cannot be taken away or cut down by raising a doubt upon the extent and meaning and application of a subsequent clause, nor by inference therein, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate.' "

Applying these principles to the case at bar, Item four is void by reason of the violation of the plain rule of law that a remainder may not be engrafted upon an absolute estate in fee simple. All of the testator's property passed to his wife in fee simple by reason of the provisions of Item 3. The fund in question will, therefore, pass to the administrator of the estate of the relict spouse, Bertha Breen-Shira, for distribution according to law. An entry may be drawn accordingly by counsel for said administrator.