386 P.2d 125

In the Matter of the ESTATE of Chloe Ryan CALL, Deceased.

Don Lewis Ryan, Appellant.

No. 9863.

Supreme Court of Utah.

Nov. 4, 1963.

Hatch & Chidester, Heber, for appellant.

Morgan & Payne, Provo, for respondent.

CALLISTER, Justice.

Don Lewis Ryan, appellant herein and nephew of the testatrix, Chloe Ryan Call,

appeals from a judgment of the lower court construing the following will:

"*LAST WILL AND TESTAMENT*

"I, Chloe R. Call, of Orem, Utah, of the age of 79 years, do hereby make, publish and declare this my Last Will and Testament in manner and form following:

"First: I direct that all my just debts and funeral expenses be paid as soon after my decease as conveniently can be done.

"Second: All the rest, residue and remainder of my estate, I give, devise and bequeath to my daughter Bessie Call Nielson, and to my son Orvis W. Call, in equal undivided shares, share and share alike.

"Third: I hereby direct that in the event my son, Orvis W. Call shall die before I die, or before my daughter, Bessie Call Nielson dies, that in such event the share herein devised to said Orvis W. Call shall go to my daughter, Bessie Call Nielson.

"Fourth: I hereby direct that in the event my daughter, Bessie Call Nielson shall die before I die, or before my son, Orvis W. Call dies, that in such event the share herein devised to said Bessie Call Nielson, shall go to my son, Orvis W. Call.

"Fifth: I direct that upon the death of my daughter Bessie Call Nielson and upon the death of my son Orvis W. Call, that the share herein devised to them shall go to my nephew Don Lewis Ryan of Heber, Utah.

"Sixth: In the event that the bequest herein made to Don Lewis Ryan, shall fail, by reason of his death, or for any other reason, then I direct that the share herein devised to Don Lewis Ryan, shall go to William K. Ryan and Phillis F. Ryan Hastings, in equal shares, share and share alike.

"Seventh: I direct that in the event my two children, Bessie Call Nielson and Orvis W. Call agree, that the property of my estate may be sold by my executor, but that the proceeds from such sale shall be invested in American Telephone and Telegraph Company common stock and placed in the names of said two children in equal undivided shares, share and share alike.

"Eighth: I hereby nominate and appoint my daughter Bessie Call Nielson and my son Orvis W. Call the executors of this will, and I direct that they shall not be required to furnish any bonds as such executors.

"Ninth: I hereby revoke any and all Wills and Testamentary dispositions by me at any time heretofore made.

"IN WITNESS WHEREOF, I have hereunto subscribed my name and

affixed my seal to this Will, in presence of J. Rulon Morgan and Dean W. Payne, whom I have requested to become attesting witnesses hereto, this 29th day of October, 1953, at Provo, Utah.

"/s/ Chloe R. Call (SEAL)"

The lower court found that the will gave to her son and daughter all of the property and estate of the testatrix in fee simple, share and share alike. It is appellant's contention that the will devises to the children only a life estate with the remainder interest to him.

Obviously the will is ambiguous; however, we are of the opinion that the lower court's interpretation of it is correct. The second paragraph devises *all* the rest, *residue* and *remainder* of her estate to her two children. Such language certainly expresses an intention of the testatrix that a fee simple title to her property be conveyed to the children upon her death. This paragraph of the will is controlling unless it *clearly appears* from other provisions that the testatrix intended to convey a lesser estate.[1]

Appellant relies upon the provisions of paragraphs third, fourth, fifth and seventh of the will to sustain his contention that the children of the testatrix were granted merely a life estate in her property. His argument is not without merit. However, these paragraphs are so uncertain and ambiguous as to render them practically useless in determining the intention of the testatrix.

We are not unmindful of our statute[2] to the effect that, if possible, all provisions of a will shall be given effect. In the instant case we do not think it possible to give effect to these ambiguous paragraphs, particularly as the appellant would construe them.

By the plain terms of the second paragraph the testatrix unequivocally devised her estate to the children in fee absolute. When an estate is so devised in one clause, the interest so devised cannot be taken away or diminished by any subsequent provisions of doubtful import, or by any inferences deductible therefrom repugnant to the estate given.[3]

Affirmed. Costs to respondent.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

1. 74-1-36, U.C.A.1953.
2. 74-2-9, U.C.A.1953.
3. Schomp v. Brown, 215 Or. 714, 335 P.2d 847, 337 P.2d 358 (1959); In re Shira's Estate, Ohio Prob. 165 N.E.2d 60 (1959); 4 Bowe-Parker: Page on Wills, p. 647.