404 P.2d 675

Miles Lorraine MILLER and Irvine B. Miller, Plaintiffs and Respondents,

v.

WALKER BANK & TRUST COMPANY, Executor of the Last Will and Testament of Nettie Knudsen Miller, deceased, and Viola Miller Carlsen, Defendants and Appellants.

No. 10272.

Supreme Court of Utah.

Aug. 4, 1965.

James W. Beless, Jr., Salt Lake City, for appellants.

Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for respondents.

McDONOUGH, Justice:

Defendants, the executor of the will of Miles E. Miller, and his daughter, Viola Miller Carlsen, appeal from a judgment of the District Court that the plaintiffs, sons of the testator, each own a one-fourth interest in property devised by the will.

Miles E. Miller died in Salt Lake City in 1956 leaving a will with a devolution clause which read as follows:

Second, I give, devise and bequeath to my beloved wife, Nettie Knudsen Miller, all of my property, whether the same be real or personal or mixed, and I do this acknowledging all my children hereinafter named, *and for the reason* that I know that my beloved wife will, care for my children from the remainder of my estate, if there be any, share alike; Miles Lorraine Miller, son; Irvine Bagley Miller, son; Viola Miller Carlsen, daughter; Zola Miller Smith, daughter; all residents of the State of Utah. (Emphasis ours.)

The final decree distributed a fourplex apartment, the property which is the subject of dispute here, to the wife Nettie Knudsen Miller. She lived until 1964. In her will she had in turn devised the fourplex to her daughter, the defendant Viola. The plaintiffs now attempt to go back of the decree entered in the probate of their father's estate, arguing thus: that inasmuch as the decree distributed the property to their mother and added the phrase that it was done "in accordance with the will," this had the effect of incorporating the terms of the will, which in turn imposed a trust upon the property by which the mother Nettie was to have it, but for the benefit of all the children.

We are constrained to disagree with the position espoused by the plaintiffs. The decree is clear enough in its terms. It unequivocally distributes the property in question to Nettie Knudsen Miller, and there is nothing uncertain or ambiguous in its doing so. The fact that it adds the recital, "that [the decree] is in accordance with the last will and testament of the deceased" amounts only to a declaration of the basis for making the distribution, but it does not impose any condition or restriction upon the effect of the distribution.[1] The probate of the estate was a proceeding in rem and the decree after the time for appeal

1. In re Miller's Estate, 132 Minn. 316, 156 N.W. 349.

expired became final and conclusive and is not subject to attack,[2] except for fraud.[3]

 Further persuading us to the conclusion we have reached is the fact that it is extremely doubtful that the language of the will would justify a conclusion that a trust was intended. Rather the language seems to indicate clearly an intention by the testator to leave to his wife all of his property to be used in accordance with her judgment. He advisedly acknowledged his children and stated the reason for giving the property to his wife, apparently reposing sufficient confidence in her that she would use it properly as indicated by the language, "I know that my beloved wife will care for my children from the remainder of my estate, if there be any, share and share alike." Where there is a clear and unequivocal devise, the statement of the reasons for doing so does not limit or restrict the testamentary gift.[4] Implementing this conclusion is Section 74–2–6, U.C.A.1953, which states:

> A clear and distinct devise or bequest cannot be affected *by any reasons assigned therefor, or by any other words not equally clear and distinct*, or by inference or argument from other parts of the will, or by an inaccurate recital

of, or reference to, its contents in another part of the will. (Emphasis ours.)

Inasmuch as the clause of devolution clearly granted to the wife Nettie a fee simple, a statement of the reasons for so doing, when viewed in the light of the above statute, would constitute no impairment or limitation thereon.

Reversed. Costs to defendants (appellants).

HENRIOD, C. J., and CROCKETT, WADE and CALLISTER, JJ., concur.

2. Auerbach v. Samuels, 10 Utah 2d 152, 349 P.2d 1112; In re Linford's Estate, 121 Utah 113, 239 P.2d 200; Nelson v. Howells, 75 Utah 461, 286 P. 631.

3. See Weyant et al. v. Utah Savings & Trust Co., 54 Utah 181, 182 P. 189, 9 A.L.R. 1119.

4. In re Call's Estate, 15 Utah 2d 1, 386 P. 2d 125, and cases cited therein; see also Section 74–1–36, U.C.A.1953.