No. 12849

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

LOUISE STAPLETON, et al.,

Plaintiffs and Respondents,

-vs-

BEVERLY A. DE VRIES, et al.,

Defendants and Appellants.

---

Appeal from: District Court of the Thirteenth Judicial
District, Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellants: Hibbs, Sweeney and Colberg, Billings,
Montana
Maurice Colberg argued, Billings,
Montana

For Respondents: Fillner, Snyder and Mudd, Billings,
Montana
Russell Fillner argued, Billings, Montana

---

Submitted: January 24, 1975

Decided: MAY 27 1975

Filed: MAY 2

*Thomas J. Kearney*
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendants Beverly A. DeVries, individually and as executrix of the estate of Amanda DeVries, deceased; Emma R. Storer; Herman DeVries, Jr.; Loretta M. Kilwein; Gladys J. Weimer; and Marcella K. Buckholz bring this appeal from a judgment of the district court, Carbon County, awarding plaintiffs Louise Stapleton; Dorothy Pihlaja; Ethel Cestnik; and Ruth Johnson, the children of Herman DeVries, deceased, from a prior marriage, each an equal one-tenth share of the estate of Amanda DeVries.

Herman DeVries was married twice. As issue of the first marriage were born the plaintiffs. As issue of the marriage between Herman and Amanda were born the defendants. Herman died June 14, 1951. In his will, he stated:

> "I give, devise and bequeath to my beloved wife, Amanda DeVries, all the balance, residue and remainder of my property of whatever nature, kind or character which I may own at the time of my death to have and to hold as her sole and separate property. I do this with the knowledge that she will be fair and equitable to all of my children, the issue of myself and my former wife as well as the issue of herself and myself."

On July 15, 1953, in its decree, the district court distributed Herman's estate to his widow Amanda "as her sole and separate property, in accordance with the Last Will and Testament of [Herman DeVries]."

Amanda died on November 8, 1971, leaving a will which was admitted to probate. It left all her property to her children, making no mention of plaintiffs. They contested Amanda's will. Their petition to contest the will was dismissed on the ground that they were not "interested persons" under the statute.

Plaintiffs then filed a complaint alleging, in the alternative, that Herman created a trust for their benefit, or Amanda had contracted to leave a portion of her property to them. On the

basis of depositions taken of the four contestants and their proposed witnesses, and on the basis of the estate files of Herman and Amanda, the district court granted summary judgment finding a trust created by Herman for the benefit of his children by previous marriage, the plaintiffs.

Defendants present three issues for review:

1. Was a constructive trust created for the benefit of plaintiffs in the will of Herman DeVries, deceased?

2. Was there a contract, promise of agreement, whereby Amanda DeVries agreed to will a portion of her property to plaintiffs?

3. If there was either such trust or contract, are the claims of plaintiffs barred by statutes of limitation or laches?

Defendants argue there was no constructive trust created by Herman DeVries' will in favor of plaintiffs. Plaintiffs argue that such a trust was created and that the second article of Herman's will, when read in light of section 91-201, R.C.M. 1947, which provides that a will is to be construed according to the intent of the testator, creates a constructive trust in favor of plaintiffs as to their share of the estate.

The second article in Herman DeVries' will reads:

"I give, devise and bequeath to my beloved wife, Amanda DeVries, all the balance, residue and re- mainder of my property * * * with the knowledge that she will be fair and equitable to all of my children, the issue of myself and my former wife, as well as the issue of herself and myself."

This Court in construing the second article finds that there was no trust created for the benefit of the plaintiffs. The will is clear on its face. It gives to Amanda DeVries, outright all of the property owned by Herman DeVries at the time of his death. The remaining language "with the knowledge that she will be fair and equitable to all of my children, the issue of myself and my former wife, as well as the issue of herself and myself." is merely precatory language, and does not create a trust for the bene- fit of plaintiffs.

Both defendants and plaintiffs cite numerous cases to support their arguments. We find these cases of little value. As stated in In re Sowash's Estate, 62 Cal.App.512, 217 P. 123, 126:

> "* * * the construction to be placed upon the instrument is of little value as a precedent in aid of the construction of another. And this is particularly true of cases involving the existence or nonexistence of a precatory trust; for previous decisions only served to illustrate the application of general rules of construction of wills, which, after all, is a matter of impression as to the maker's intention made upon the mind of a court considering the will itself with the circumstances surrounding its execution. Each case must of necessity, therefore, depend more or less upon its own peculiar facts."

A Utah decision cited by defendants, Miller v. Walker Bank & Trust Company, 17 Utah 2d 88, 404 P.2d 675, 676, /is very similar to the fact situation found here. The will of the decedent in that case provided in part:

> "Second, I give, devise and bequeath to my beloved wife, Nettie Knudsen Miller, all of my property, whether the same be real or personal or mixed, and I do this acknowledging all my children hereinafter named, and for the reason that I know that my beloved wife will, care for my children from the remainder of my estate, if there be any, share alike * * *."

The Utah court held that there was no constructive trust created by the quoted language, as alleged by the children of the deceased. The court then stated:

> "Further persuading us to the conclusion we have reached is the fact that it is extremely doubtful that the language of the will would justify a conclusion that a trust was intended. Rather the language seems to indicate clearly an intention by the testator to leave to his wife all of his property to be used in accordance with her judgment. He advisedly acknowledged his children and stated the reason for giving the property to his wife, apparently reposing sufficient confidence in her that she would use it properly as indicated by the language, 'I know that my beloved wife will care for my children from the remainder of my estate, if there be any, share and share alike.' Where there is a clear and unequivocal devise, the statement of the reasons for doing so does not limit or restrict the testamentary gift." (Emphasis supplied.)

The fact situation in Miller is very similar to the facts we have before us. Herman DeVries gave all the property owned by him to his wife, Amanda, to have and to hold as her sole and

- 4 -

separate property.  The reason for doing so, i.e. "with the knowledge that she will be fair and equitable to all of my children" does not limit or restrict the testamentary gift.

Depositions were taken of all of plaintiffs and a deposition was taken of Herman DeVries' brother, Martin DeVries, who was 76 at the time of the taking of the deposition.  None of the children had ever talked to their father before his death or to Amanda, as to the testamentary distribution of their property.  None of them knew anything of an agreement between Herman and Amanda concerning the distribution of Herman's property.  Martin DeVries stated in his deposition that he discussed Herman's will with Herman on one of Martin's visits to Montana from his home in California.  Martin recalled this conversation in his testimony:

"The only thing that I advised Herman was when we sat on the porch and I says, have you made a will, because you know the importance of having a will. He says yes, and I says, have you taken care of all of your kids, both families, because you have two families, and he says, I have taken care of everything.  That is the substance of this conversation and the only conversation that I recall I ever had with Herman * * *.but never anything with reference to that, [advising Herman as an attorney] that I can recall about the will."

There is no evidence in the record to support the contention that Herman DeVries intended to create a trust in favor of plaintiffs.  The language of the will is not sufficient.  Therefore, this Court finds no trust created in their favor.

Plaintiffs next contend there was an agreement between Amanda and Herman that Amanda would leave her estate in equal shares to all of the children of Herman DeVries.  Plaintiffs reason: that when Herman used the phrase, "with the knowledge" that he had to obtain this knowledge from his wife; that when Amanda, as executrix of Herman's estate, signed the final account and petition for distribution of Herman's estate which stated "that in pursuance of and according to the terms and provisions of the Last Will and Testament of Herman DeVries" that she knew part of the terms was that the property would go to her with the knowledge that she would be fair and equitable to all of his children, and that she had some knowledge of an agreement which

- 5 -

this Court can imply was a promise to equally distribute the property upon her death.

This Court does not agree with this position of plaintiffs. Nowhere can we find any such knowledge or implication, either from the depositions or from the will itself. Amanda's signing of the final account and petition for distribution merely acknowledged that she was doing so under the authority of and in conformity with the last will and testament of Herman DeVries, and no other implication nor knowledge can be alleged to exist because of the signing.

Having found no trust for the benefit of plaintiffs, and having found no agreement or contract to have existed between Amanda and Henry DeVries as to the equal distribution of Amanda's estate, we do not find it necessary to discuss the last question for review concerning laches nor the statute of limitations.

The judgment of the district court is reversed and remanded with the instruction that a new judgment be entered in conformity with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

- 6 -