JUSTICE LEAPHART,
dissenting.
I dissent.
The majority, relying principally upon our decision in Stapleton v. DeVries (1975), 167 Mont. 108, 535 P.2d 1267, holds that the language *128 used in the Bolinger will is only precatory. In Stapleton, the will provided as follows:
I give, devise and bequeath to my beloved wife, Amanda DeVries, all the balance, residue and remainder of my property of whatever nature, kind or character which I may own at the time of my death to have and to hold as her sole and separate property. I do this with the knowledge that she will be fair and equitable to all my children, the issue of myself and my former wife as well as the issue of herself and myself.
Stapleton, 535 P.2d at 1268.
In the present case, the Bolinger will provides:
I intentionally give all of my property and estate to my said father, H.A. Bolinger, in the event that he shall survive me, and in the event he shall not survive me, I intentionally give all of my property and estate to my step-mother, Marian Bolinger, in the event she shall survive me, and in that event, I intentionally give nothing to my three children, namely: Harry Albert Bolinger, IV, Wyetta Bolinger and Travis Bolinger, or to any children of any child who shall survive me. I make this provision for the reason that I feel confident that any property which either my father or my step-mother, Marian Bolinger, receive from my estate will be used in the best interests of my said children as my said beneficiaries may determine in their exclusive discretion.
The language used in the Bolinger will is distinguishable from and more conclusive than that used in Stapleton. In Stapleton, the decedent’s will devised the property to the beneficiary “to hold as her sole and separate property.” Such a “sole and separate property” provision is absent in the Bolinger will. Secondly, in Stapleton, the testator made the devise knowing that the beneficiary would be fair and equitable to all his children (i.e. children from both marriages). The beneficiary was thus under no obligation to segregate the devised property or to treat it any differently than her sole property. In contrast, Bolinger provided that “any property” received from his estate was specifically tagged for use “in the best interests of [his] children.” In other words, his father or step-mother were not to commingle the property with their own property, nor were they to treat it as their sole and separate property with some vague understanding that they would then be fair and equitable to all concerned. Rather, Bolinger was confident that this specific property “will be used in the best interests of my children.” The language in the Bolinger will is more than precatory, it is peremptory.
*129 As the court recognizes, no particular form of words is necessary for the manifestation of an intent to create a trust, RESTATEMENT (SECOND) OF TRUSTS § 24, and express trusts depend upon a clear and direct expression of intent by the trustor. Eckart v. Hubbard (1979), 184 Mont. 320, 325, 602 P.2d 988, 991. Bolinger clearly intended that the property passing maintain its separate identity and that his father or step-mother, as trustees, use the property solely for the benefit of his children, who were, at the time of the will, minors.
I would affirm the decision of the District Court.
JUSTICE HUNT joins in the foregoing dissent of Justice W. William Leaphart.